# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD ALLEN JACKSON-EL, : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO.: |
| v. : | |
| : | 2:13-CV-4179-CDJ |
| UNITED STATES, et al., : | |
| Defendants. : | |

## MEMORANDUM

**Judge C. Darnell Jones, II**                                                                                       **January 10, 2014**

      Pending before the court are two motions to dismiss, one filed by defendant Supreme Court of Pennsylvania, (Doc. No. 5), and one jointly filed by the District of Columbia, Eric Holder, Ronald C. Machen, Sean McLaughlin, United States Congress, and the United States, (Doc. No. 6). Petitioner failed to timely file a response in opposition, instead filing a document titled "Petitioner Reginald Allen Jackson-El's Petitioner for Leave to File Supplementary Brief and Petition for Remand," over a month after service of defendants' motions to dismiss. After a thorough review of the record, the court will **GRANT** defendants' motions to dismiss and **DISMISS** the petition[1] **WITH PREJUDICE**.

## DISCUSSION

      Defendant Supreme Court of Pennsylvania moves to dismiss, *inter alia*, on the grounds that it is entitled to immunity under the Eleventh Amendment. The court agrees. As an entity of the Pennsylvania government, the Pennsylvania judicial system -- and by extension the Supreme Court of Pennsylvania -- is entitled to Eleventh Amendment immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233 (3d Cir. 2005) (finding state judicial system to be a branch of state government and therefore entitled to Eleventh Amendment immunity).

      Defendant Supreme Court of Pennsylvania and defendants District of Columbia, Eric Holder,

---

[1] Petitioner titles his initial filing "Petition for Writ of Prohibition or the Alternative Habeas Corpus, et.al., or Writ of Certiorari." (Doc. No. 1.)

Ronald C. Machen, Sean McLaughlin, United States Congress, and the United States move to dismiss on the ground that plaintiff has failed to state a claim for which relief can be granted. After a thorough review of the petition, the court agrees. Rule 8(a) of the Federal Rules requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The Supreme Court has interpreted this provision as requiring a litigant to plead sufficient facts from which the court can infer that a litigant has a plausible claim for which relief can be granted. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Petitioner's complaint is best described as a diatribe about his views on the validity of the Fourteenth Amendment and the District of Columbia criminal code's application to "Moorish Americans," a term petitioner uses to describe himself. Plaintiff makes broad statements as to the constitutionality of "D.C. Code," but fails to point out which provisions of the code he believes are unconstitutional and offers no rationale for his viewpoint except to say that the law of the United States does not apply to Moorish Americans. Quite simply, plaintiff has failed to state a claim for which relief can be granted even when construing his petition liberally. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Furthermore, the court believes that amendment would be futile, so plaintiff will not be granted leave to amend. *Tate v. Morris County Prosecutors Office*, 284 F.App'x 877, 879 (3d Cir. 2008) (futility as grounds to dismiss without granting leave to amend).

## CONCLUSION

In light of the foregoing, the court will **GRANT** the motions to dismiss and **DISMISS** petitioner's petition **WITH PREJUDICE**. The clerk of court is directed to mark the case **CLOSED** for statistical purposes.

BY THE COURT:

/s/ C. Darnell Jones  II,  J.
C. DARNELL JONES  II,  J.